IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RODNEY WHIDDON AND VICTOR BRYANT,** § § § | | |
| Plaintiffs, § § | | |
| VS. § | CIVIL ACTION NO. _____ | |
| § | | |
| **UNION PACIFIC RAILROAD COMPANY,** § § § | | |
| Defendant. § | **(JURY TRIAL DEMANDED)** | |

## PLAINTIFFS' ORIGINAL COMPLAINT

RODNEY WHIDDON ("Whiddon") and VICTOR BRYANT ("Bryant") (collectively "Plaintiffs") file their Original Complaint against UNION PACIFIC RAILROAD COMPANY ("Defendant" or "Union Pacific").

### I.   PARTIES

1. Plaintiff, RODNEY WHIDDON, is a resident of Katy, Harris County, Texas, and at all pertinent times, was a resident of Harris County, Texas and a citizen of the United States.

2. Plaintiff, VICTOR BRYANT, is a resident of Houston, Harris County, Texas, and at all pertinent times, was a resident of Harris County, Texas and a citizen of the United States.

3. Defendant, UNION PACIFIC RAILROAD COMPANY, does business in Texas and may be served with process through its registered agent for service, C T Corporation System, at 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136; at 7100 Kirkpatrick Blvd., Houston, TX 77028 or 1400 Douglas Street Omaha, NE 68179-1730.

### II.   JURISDICTION, VENUE & EXHAUSTION OF REMEDIES

4. This Court has jurisdiction to hear the merits of Whiddon and Bryant's claims under

28 U.S.C. § 1332 and § 1343 and 29 U.S.C. § 621 *et seq.*, in order to protect rights guaranteed by the Age Discrimination in Employment Act of 1967, as amended, ("ADEA"). The Court also has jurisdiction to hear the merits of Bryant's claims under 42 U.S.C. § 2000e ("Title VII") and 42 U.S.C. § 1981(a) ("Section 1981(a)").

5.   Venue is proper in this district pursuant to 28 U.S.C. § 1391. Union Pacific does business and has locations within the Southern District of Texas and a substantial part of the unlawful acts set forth below occurred in this district.

6.   Whiddon timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 11, 2020 against Union Pacific as required under the ADEA. On November 4, 2020, the EEOC issued its "Notice of Right to Sue." Whiddon timely filed this lawsuit within ninety (90) days from receipt of the EEOC's Notice of Right to Sue letter, a copy of which is attached hereto as Exhibit "A."

7.   Bryant timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 21, 2020, against Union Pacific as required under the ADEA, Title VII, and Section 1981. On October 2, 2020, the EEOC issued its "Notice of Right to Sue." Bryant timely filed this lawsuit within ninety (90) days from receipt of the EEOC's Notice of Right to Sue letter, a copy of which is attached hereto as Exhibit "B."

### III.   FACTS

8.   Union Pacific is a Class I railroad employing over 37,000 full-time-equivalent employees in 23 states across the western two-thirds of the United States.

9.   Union Pacific is an employer within the meaning of 29 U.S.C. § 630(b) and 42 U.S.C. § 2000e(b).

10.   Whiddon was born in 1960. Whiddon worked for Union Pacific for more than 41

years prior to his termination.

11. At the time of his termination, Whiddon was an older employee within the protected class as defined by 29 U.S.C. § 631(a).

12. Bryant was born in 1960. Bryant worked for Union Pacific for more than 26 years prior to his termination.

13. At the time of his termination, Bryant was an older employee within the protected class as defined by 29 U.S.C. § 631(a).

14. Bryant is African American and is thus protected by the provisions of Title VII and Section 1981.

15. At the time of his termination, Whiddon was a foreman at the Settegast-TX terminal.

16. At the time of his termination, Bryant was a foreman general at the Settegast-TX terminal.

17. At all times during their employment, Whiddon and Bryant performed well. Both Whiddon and Bryant were qualified for the positions they held at the time of their termination; in fact, they were qualified for promotions, but both were unlawfully denied promotions.

18. Both Whiddon and Bryant took and passed the manager's test, and they applied for the position of manager at Union Pacific.

19. But neither Whiddon nor Bryant were given an interview because of their age (over 40).

20. Other applicants who did not pass the manager's test were given a second opportunity to take the test; this is despite the fact that management previously said that you only had one opportunity to take the test each six months.

21. Others who were younger than Whiddon and Bryant were treated differently because of their age in that they were hired as managers.

22. Whiddon was eligible to retire in July 2020.

23. Despite passing the manager's test and applying for the position, Union Pacific terminated both Whiddon and Bryant because of their age and proximity to retirement.

24. Whiddon suffered an adverse employment action because of his age—Union Pacific terminated his employment.

25. Union Pacific also terminated Bryant because of his race, African-American. Other non-African-American's were treated more favorably than him in that they were given the opportunity to take the manager's test multiple times. And other non-African American Union Pacific employees were hired as managers instead of Bryant.

26. Bryant suffered an adverse employment action because of his age and race—Union Pacific terminated his employment.

## IV. CAUSE OF ACTION I
## WHIDDON AND BRYANT'S AGE DISCRIMINATION IN VIOLATION OF THE ADEA

27. Plaintiffs repeats and re-allege by reference each allegation contained in the preceding paragraphs and incorporate them as though set forth at length herein.

28. Plaintiffs have met all procedural prerequisites of bringing their ADEA claims.

29. Union Pacific's conduct and adverse employment actions taken against Whiddon and Bryant as described herein constitute unlawful discrimination based on Whiddon and Bryant's age as prohibited by 29 U.S.C. § 623(a)(1).

30. Whiddon and Bryant's age was a motivating factor in Union Pacific's decision to terminate their employment.

31. Upon information and belief, Whiddon and Bryant were replaced by a substantially younger and less qualified employee.

32. Because of Defendant's discriminatory conduct, Plaintiffs suffered and continue to suffer the following damages including, but not limited to, pecuniary losses for lost wages and other benefits associated with their employment, including, but not limited to, back pay, front pay, lost health care benefits, retirement benefits, other fringe benefits associated with their employment, and attorneys' fees.

33. Defendant's conduct as described constitutes a willful violation of the ADEA within the meaning of 29 U.S.C. § 626(b), thus entitling Plaintiffs to liquidated damages.

## V.   CAUSE OF ACTION II
## BRYANT'S RACE DISCRIMINATION CLAIM UNDER TITLE VII

34. Bryant repeats and re-alleges by reference each allegation contained in the preceding paragraphs and incorporate them as though set forth at length herein.

35. Union Pacific's actions as explained above constitute discrimination because of race under 42 U.S.C. § 2000e.

36. Bryant is a member of a protected class: African American.

37. Bryant was qualified for the position he held at Union Pacific.

38. Bryant suffered an adverse employment action—Union Pacific intentionally terminated his employment because of his race.

39. Similarly situated non-African Americans were treated more favorably under nearly identical circumstances. Non-African American employees participated in and enjoyed employment benefits that were not available to Bryant because he is African American.

40. Alternatively, Bryant was replaced by a non-African American.

41. Union Pacific acted with actual malice or with reckless disregard to Bryant's

federally protected rights.

42. Union Pacific's actions caused Bryant damages. Bryant seeks the following damages under Title VII: actual damages, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, punitive damages, front pay, back pay (and the economic value of fringe benefits, including: medical, retirement, and vacation benefits), consequential, pre and post judgment interest, his reasonable and necessary attorney's fees and costs of court.

## VI. CAUSE OF ACTION III
## BRYANT'S RACE DISCRIMINATION CLAIM UNDER SECTION 1981(a)

43. Bryant repeats and re-alleges by reference each allegation contained in the preceding paragraphs and incorporate them as though set forth at length herein.

44. Bryant brings his claim under Section 1981(a) because he was discriminated in the formation or enforcement of his employment contract.

45. Union Pacific's actions as explained above constitute discrimination because of race under 42 U.S.C. § 1981(a).

46. Bryant is a member of a protected class: African American.

47. Bryant was qualified for the position he held at Union Pacific.

48. Bryant suffered an adverse employment action—Union Pacific intentionally terminated his employment because of his race. But for his race, African American, Bryant would not have suffered the loss of a legally protected right—his job.

49. Similarly situated non-African Americans were treated more favorably under nearly identical circumstances. Non-African American employees participated in and enjoyed employment benefits that were not available to Bryant because he is African American.

50. Alternatively, Bryant was replaced by a non-African American.

51. Union Pacific acted with actual malice or with reckless disregard to Bryant's federally protected rights.

52. Union Pacific's actions caused Bryant damages. Bryant seeks the following damages under Title VII: actual damages, compensatory damages for past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, punitive damages, front pay, back pay (and the economic value of fringe benefits, including: medical, retirement, and vacation benefits), consequential, pre and post judgment interest, expert fees and reasonable and necessary attorneys' fees under 42 U.S.C. 1988, and costs of court.

## VII.   JURY DEMAND

53. Plaintiffs demand a jury trial.

## VIII.   PRAYER FOR RELIEF

54. Plaintiffs ask that, on trial of this action, they have final judgment against Union Pacific for the damages to which they are justly entitled from Defendant, including, but not limited to the following:

   A. Back pay, front pay and other lost job benefits and fringe benefits sufficient to make the Plaintiffs whole;

   B. Compensatory damages, as well as damages for past and future mental anguish, suffering, anxiety, stress, humiliation, ability to enjoy life and medical care and treatment appropriate to the proof at trial;

   C. Liquidated damages;

   D. compensatory damages for past (Section 1981(a) claim) and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, punitive damages;

   E. Costs of court and out of pocket expenses;

   F. Reasonable expert fees;

G. Pre-judgment and post-judgment interest paid at the highest rate permitted by law; and/or;

H. Such other and further relief at law or in equity, general or special, to which the Plaintiff may show herself to be justly entitled.

Respectfully submitted,

/s/ Shane McClelland_____
Shane A. McClelland
Law Offices of Shane McClelland, PLLC
State Bar No. 24046383
Southern District Bar No. 642324
440 Cobia Drive, Suite 101
Katy, TX 77494
Telephone: 713-987-7107
Facsimile: 832-827-4207
Email: shane@hmtrial.com
**ATTORNEY FOR PLAINTIFFS
RODNEY WHIDDON AND VICTOR BRYANT**